IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COREY DUANE BOWLES, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:18-CV-758-O |
| § | (NO. 4:15-CR-147-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Corey Duane Bowles, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response,[1] the record, including the record in the underlying criminal case, No. 4:15-CR-147-O, and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 10, 2015, movant was named in a one-count indictment charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[2] 9. Movant and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts that established movant had committed the offense. CR Doc. 14. Movant pleaded guilty. CR Doc. 16.

---

[1] The response is titled "Motion to Dismiss Section 2255 Motion as Untimely."
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-147-O.

The probation officer prepared a presentence report ("PSR") reflecting that movant's base offense level was 32. CR Doc. 19, ¶ 59. He received two-level increases for involvement of dangerous weapons, importation, maintaining a drug premises, and being an organizer or leader. *Id.* ¶¶ 60–62, 64. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 68–69. Based on a total offense level of 37 and a criminal history category of VI, movant's guideline imprisonment range was 360 to life; however, the statutorily authorized maximum sentence was 20 years, so the guideline term became 240 months. *Id.* ¶ 129. Movant filed objections, CR Doc. 21, and the probation officer prepared an addendum to the PSR. CR Doc. 23.

Movant was sentenced to a term of imprisonment of 240 months. CR Doc. 26. He appealed. CR Doc. 28. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed. *United States v. Bowles*, 669 F. App'x 714 (5th Cir. 2016).

On June 20, 2017, movant filed an untitled document seeking "relief under 3582." CR Doc. 38.[3] The motion pointed out that under *Tanksley*[4] Texas possession with intent to distribute convictions were no longer qualifying convictions under the Career Offender Enhancement. *Id.* at 2. By order signed July 31, 2017, the court noted that no relief was available under 18 U.S.C. § 3582, and that movant's motion should be construed as one filed under 28 U.S.C. § 2255. CR Doc. 39. The court gave movant the warnings discussed in *Castro v. United States*, 540 U.S. 375 (2003), and allowed him an opportunity to withdraw the motion or to proceed by filing the appropriate form for a § 2255 motion. *Id.* Movant filed a motion to withdraw the pending

---

[3] The motion was filed on June 28, but appears to have been signed on June 20, 2017.
[4] *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).

motion, noting specifically:

> Defendant realize[s] that he may bring said claim(s) under 28 U.S.C. § 2255, by August 30, 2017, which is Defendant's due date (limitation for filing a section 2255 motion).

CR Doc. 40 at 2, ¶ 4. On September 11, 2018, movant filed the present motion. Doc.[5] 1 at PageID[6] 18.

## II. GROUNDS OF THE MOTION

Movant sets forth two grounds in support of his motion. First, he contends that his prior state convictions do not qualify him as a career offender. Doc. 1 at PageID 13–15. Second, he contends that he received ineffective assistance of counsel because his attorney failed to challenge the career offender enhancement. *Id.* at PageID 15.

## III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

---

[5] The "Doc. __" reference is to the number of the item on the docket in this civil action, No. 4:18-CV-758-O.
[6] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages attached to movant's motion are not numbered.

becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, movant's conviction and sentence became final on January 17, 2017, after the 90-day period for filing a petition for writ of certiorari expired.[7] *Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file his § 2255 motion until September 11, 2018.

Under the heading "Timeliness of Motion," movant argues that limitations should be tolled because he is proceeding *pro se*. Doc. 1 at PageID 16. He says that he believed he was acting diligently. *Id.* He offers no other explanation or excuse. [8]

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The record establishes that movant knew at the time he filed his motion under § 3582 what the ground for relief was. CR Doc. 38. The court's order told him relief might be appropriate under § 2255 and gave him an opportunity to pursue such relief if he so desired. CR Doc. 39. For some

---

[7] The date of the Fifth Circuit's order dismissing the appeal was October 18, 2016. *Bowles*, 669 F. App'x 714. The government notes that January 17, 2017, was a holiday. Doc. 6 at 1.
[8] As the government notes, application of 28 U.S.C. § 2255(f)(3) is not appropriate because movant is not relying on a right newly recognized by the Supreme Court that has been made retroactively applicable on collateral review. Doc. 6 at 4–5 (discussing cases).

inexplicable reason, movant withdrew the motion rather than proceeding. He did, however, acknowledge in his motion to withdraw that he had some understanding that there would be a deadline for the filing of a motion under § 2255. CR Doc. 40 at 2. Nevertheless, he waited more than a year after the withdrawal of his motion under § 3582 to file his § 2255 motion despite having all the information he needed to proceed.[9]

## IV. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of December, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[9] The court notes that movant filed a motion for leave to file a reply to the government's motion to dismiss. Doc. 8. Movant has made no other filing since that time and has apparently lost interest in pursuing the matter. In any event, there is no reason to believe that equitable tolling could possibly apply in this case.